**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CLARISSA BALDERAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:16-cv-00951** |
| | § | |
| **FARMERS INSURANCE GROUP DBA, FIRE INSURANCE EXCHANGE** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT TEXAS FAMERS INSURANCE COMPANY'S NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes Defendant, Farmers Insurance Group DBA Fire Insurance Exchange ("Farmers"),[1] a Write-Your-Own ("WYO") Program insurance carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[2] in its "fiduciary"[3] capacity as the "fiscal agent of the United States."[4] Defendant files this Notice of Removal and hereby removes this matter from the 428th Judicial District Court of Hays County, Texas to the docket of this Honorable Court and would respectfully show as follows:

On or about July 22, 2016, Farmers was served with a lawsuit entitled, "*Clarissa Balderas v. Farmers Insurance Group DBA Fire*," in the 428th Judicial District Court of Hays

[1] Plaintiff in this matter has named the incorrect party to the contract at issue. Texas Farmers Insurance Company is the party to Plaintiff's flood insurance policy, number 06001169822015 (Exhibit B), placed at issue in Plaintiff's Original Petition. As stated herein, the claims Plaintiff places at issue may only be addressed before this Honorable Court.

[2] *See* 42 U.S.C. § 4001 *et seq*.

[3] 44 C.F.R. §62.23(f).

[4] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

County, Texas, bearing Cause No. 16-cv-1380. *See* Exhibit A attached hereto, a copy of said Plaintiff's Original Petition ("Petition") and all pleadings served to date.

For the reasons that follow, Farmers hereby removes this case from state court to this federal court pursuant to 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(1), Article VII(R) and Article IX; 28 U.S.C. § 1331; 28 U.S.C. § 1337; 28 U.S.C. § 1367; and 28 U.S.C. § 1441(c).

**A. REVIEW OF PLAINTIFF'S ORIGINAL PETITION**

1. At paragraph 4 of Plaintiff's Original Petition ("Petition"), Plaintiff names Farmers as a Defendant in this matter.

2. At paragraph 5 of Plaintiff's Petition, Plaintiff specifically alleges that the insurance policy at issue insured property located at 915 Sturgeon, San Marcos, Texas 77096.

3. At paragraph 6 of Plaintiff's Petition, Plaintiff alleges that on or about May 26, 2015, flooding caused damages to Plaintiff's 915 Sturgeon property. More to the point, Plaintiff's paragraph 6 specifically alleges that "[c]ompliance with FEMA regulations and guidelines require an extensive remediation and rebuild of Plaintiff's property."

4. At paragraphs 7 – 20, of Plaintiff's Petition, Plaintiff alleges that Farmers failed to fulfill the conditions of the flood policy placed at issue.

5. At paragraphs 21 – 22 of Plaintiff's Petition, Plaintiff specifically alleges a breach of contract regarding Plaintiff's federally regulated flood policy.

6. At paragraph 40 of Plaintiff's Petition, Plaintiff again alleges that Farmers breached the insurance contract.

7. In Plaintiff's Prayer, Plaintiff continues to allege that Farmers failed in its duties to handle the insurance contract at issue in this lawsuit.

**B. THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

8. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").

9. Farmers, as a WYO Program carrier, is authorized to issue the SFIP on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

10. Farmers cannot waive, alter, or amend any of the provisions of the SFIP. *See* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

11. Further, Farmers has no authority itself to tailor or alter NFIP policies backed by the government. 44 C.F.R. § 62.23.

12. Farmers' role, as a WYO Program carrier and as set forth in the Arrangement, is to *market, sell, and administer* SFIP policies as well as handle claims under SFIPs that it is authorized to issue on behalf of the federal government. It is clear that Farmers, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. 44 C.F.R. § 62.23(f); 42 U.S.C. § 4071(a)(1).

13. All flood claim payments made by a WYO Program carrier, such as Farmers, under a SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III.[5] The Fifth Circuit has held "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955 (citing *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir. 1987)). The Eleventh Circuit analyzed what funds are

[5] *See also* 44 C.F.R. Pt. 62, App. A, Art. III(D)(1), (2) and (3).

at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001). Additionally, the cost of litigation arising from Plaintiff's claims is compensated by the NFIP.[6]

14. Effective October 1, 2004, there was a revised "Arrangement" between FEMA and all WYO Program carriers, including Farmers. In that revised Arrangement, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO Program carriers: (a) in their fiduciary capacity to the government; (b) utilizing federal funds; and (c) governed by extensive federal regulations.

15. Moreover, FEMA stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the revised Arrangement and in the following two paragraphs:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and
>
> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; and . . .

44 C.F.R. Pt. 62, App. A, Article I.

16. The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law—not state law:

[6] 44 C.F.R. §62.23(i)(6); 44 C.F.R. Pt. 62, App. A, Art. III(D)(2).

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

*See West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978).

**C. FEDERAL JURISDICTION**

**(1). 42 U.S.C. §4072 – Original Exclusive Jurisdiction**

17. 42 U.S.C. § 4072 conveys "original exclusive" jurisdiction over claims involving administration of and claims handling matters under the SFIP.

18. Plaintiff is aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that all disputes "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Certainly, Farmers is not suggesting that jurisdiction can be created by contract, but instead it is pointing out that Plaintiff was fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation, Plaintiff is charged with the knowledge of this requirement. *See Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

19. Plaintiff in this matter has expressly pled that Farmers breached the terms of the SFIP contract. *See, e.g.*, Plaintiff's Original Petition, ¶¶ 21 – 22. As such, jurisdiction over this matter is exclusive to this Court.

**(2). 28 U.S.C. § 1331 – Federal Question Jurisdiction**

20. Farmers asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the

National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq*.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX. Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. § 1331.

21. In order to determine what, if any, U.S. Treasury benefits Plaintiff may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations, and statutes governing the SFIP. Regardless of the source of funding for Plaintiff's alleged actual damages, the Court would have to interpret the SFIP itself. Federal common law governs the interpretation of the SFIP, and "if the language of a policy is clear and unambiguous, it should be accorded its natural meaning." *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984). As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder, and any amounts due under the SFIP would require the interpretation of a federal law which presents a federal question. Further, any address of Farmers' standard of care in the administration of an SFIP requires an interpretation of the rules, regulations and statutes regarding the sale and administration of an SFIP. *See* 44 C.F.R. Pt. 62, App A, Art. I.

22. Plaintiff is alleging Farmers breached a standard of care by failing to meet alleged duties that arise under the "contract." Clearly, Plaintiff is alleging that Farmers breached the SFIP contract.

23. Plaintiff's allegations regarding Farmers' standard of care go directly to NFIP rules and regulations regarding Plaintiff's asserted standard of care. The payment that the Plaintiff seeks from Farmers under the SFIP would be a "direct charge on the public treasury" and would be "binding" upon the federal government. *Gowland*, 143 F.3d at 955; 44 C.F.R. Pt.

62, App. A, Art. II(F). Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is, therefore, also removable pursuant to 28 U.S.C. § 1441(a), (b) and (c).

24. Pursuant to 28 U.S.C. § 1331, and by operation of 28 U.S.C. § 1441(a)-(c), Farmers asserts that there are multiple federal questions presented within the Plaintiff's Petition thereby making the action removable pursuant to 28 U.S.C. § 1331.

**D. FEDERAL JURISDICTION ALSO EXISTS BECAUSE THE PETITION BRINGS INTO PLAY AN ACT OF CONGRESS REGULATING COMMERCE.**

25. Removal of this case is also proper under 28 U.S.C. § 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce. 28 U.S.C. § 1337 is not subject to the well-pleaded-Petition rule. Under § 1337, removal is proper where the facts alleged in the plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the plaintiff's pleading. *Uncle Ben's Int'l Div. of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co., v. Lykes Bros. Steamship Co.*, 134 F.Supp. 704, 706 (S.D.Tex. 1955); *Puerto Rico v. Sea-Land Serv. Inc.*, 349 F. Supp. 964, 973-74 (D.P.R. 1970).

26. Clearly, under the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq*., Congress is regulating commerce by promulgating the complex and comprehensive statutory scheme that is commonly described as the National Flood Insurance Act:

> The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, §8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq*., grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. §1012 (b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word

> 'relates' is highly general." *Id*. at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

*C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, FN3 (3rd Cir. 2004).

27. Beyond the general proposition that the NFIA regulates commerce, it is also clear that in a more particularized sense, the Act expressly regulates both the subjects of claims and claims handling, as well as "the conditions of insurability." *See, e.g.*, 42 U.S.C. §§ 4013, 4019. Plainly, federal laws affecting commerce are involved in the facts put at issue in the Plaintiff's Petition, and so removal is proper pursuant to 28 U.S.C. § 1337.

**E. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

28. Farmers notes that the first service of this lawsuit against Farmers was July 22, 2016, a copy of which is attached hereto as part of Exhibit B. Removal is therefore timely.

29. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this District.

30. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a copy of all processes, pleadings, and orders served on Farmers to date.

**CONCLUSION**

WHEREFORE, Defendant, Farmers Insurance Group DBA Fire Insurance Exchange, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Respectfully submitted,

**BAKER & HOSTETLER, LLP**

By: /s/ *Bradley K. Jones*
Douglas D. D'Arche
State Bar No. 00793582
Bradley K. Jones
State Bar No. 24060041
811 Main St., Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
E-mail: ddarche@bakerlaw.com
bkjones@bakerlaw.com

AND

**NIELSEN CARTER & TREAS, LLC**
Joseph J. Aguda, Jr.
Fed. ID 559583
3838 N. Causeway Blvd. Suite 2850
Metairie, Louisiana 70002
Telephone: (504) 837-2500
Facsimile: (504) 832-9165
Email: jaguda@nct-law.com

**COUNSEL FOR TEXAS FARMERS INSURANCE COMPANY AND FARMERS INSURANCE GROUP DBA FIRE INSURANCE EXCHANGE**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of August, 2016, I served a copy of the foregoing on all counsel of record by certified mail, return receipt requested:

Kevin R. Michaels
888 W. Sam Houston Pkwy. S
Suite 226
Houston, Texas 77042

/s/ *Bradley K. Jones*
Bradley K. Jones